UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARY ROSE, | ) |
|        Plaintiff, | ) |
| v. | ) CAUSE NO.   1:16-CV-3212 |
| FRANCISCAN ALLIANCE, INC., | ) |
|        Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Mary Rose ("Rose"), by counsel, brings this action against Defendant, Franciscan Alliance, Inc. ("Defendant"), and shows as follows:

**OVERVIEW**

1. This is an employment discrimination action (disability) brought by Rose against Defendant alleging that she was discriminated against because of one or more of her disabilities as protected by the Americans with Disability Act of 1990 ("ADA"), 42 U.S.C. §12101 et. seq.

**PARTIES**

2. At all relevant times Rose lived in the Southern District of Indiana.

3. Defendant is a corporation that conducts business and maintains offices in Southern District of Indiana.

4. Rose, at all times relevant, was an 'employee' as defined by 42 U.S.C.§12111(4). Moreover, Rose is disabled as that term is defined by the ADA.

5. Defendant is an 'employer' as defined by 42 U.S.C. §12111(5)(A).

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C §1331 and 42 U.S.C. §12117(a).

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as all events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located herein.

8. Rose properly exhausted her administrative remedies when she timely filed a charge of discrimination (and later amended it) with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discriminated based on disability. A notice of suit rights was issued on August 25 2016, and Rose now brings this Complaint within ninety (90) days of receipt thereof.

## FACTUAL ALLEGATIONS

8. Rose began her employment with Defendant on or about May 8, 2011. She was employed as a part-time registrar. Rose was not administered progressive discipline for the performance of her duties. Rose met or exceeded the legitimate expectations of performance of her position.

9. This position was responsible for obtaining demographic and insurance information from patients and requires sitting, standing, and walking.

10. Rose suffers from one or more conditions that qualify her as disabled under the ADA. These conditions are permanent and substantially limit her in at least the major life activities of walking and sight/vision.

11. In 2014, Rose accepted a position in the Greenwood Imaging Center. The Imaging Center has its own HR Department and issues a W-2 under a separate EIN number than Defendant.

12. As a result of Rose taking this position, her supervisor at the hospital required her to go to PRN status. Rose did not agree with this move.

13. Rose is under constant care from one or more health care providers. In May of 2015, Rose's doctor limited her walking due to symptoms she was experiencing associated with her disability. Rose took in a note that indicated she should limit walking and elevate her leg as much as possible. Again, Defendant made a unilateral move to reassign Rose to Triage.

14. Rose could perform the Triage position even with her work restrictions. Her supervisor told her that she would remain there until he could find a permanent employee to work the position he put Rose in.

15. During the summer of 2015, Defendant hired someone to fill the triage position.

16. When Rose confronted her supervisor, he indicated that he really needed someone who can walk to the [patient] rooms.

17. Thereafter Rose applied for open PRN shifts. She was denied for a significant number of shifts.

18. Rose's restrictions were reiterated in August 2015.

19. Another triage position was posted in either August or September 2015. Rose applied for this position. This position would have required her to work four days per week, eight hours per day (an .8 FTE position).

20. Defendant told Rose that it would hire her for the position if her doctor provided a note indicating she could perform the duties of the triage position. Rose's doctor prepared a note consistent with the request, and Rose provided it to Defendant.

21. Notwithstanding the note, Defendant denied her the position even after telling her it was hers. It was given to a non-disabled employee in or about October 15, 2015.

22. Rose continued to apply to work additional shifts. Defendant would rescind shifts Rose signed up for or otherwise expressed interest in.

23. Defendant failed to engage in the interactive process or to determine if Rose could continue in her position as Registrar with or without a reasonable accommodation.

24. Rose has been harmed by Defendant's conduct.

## LEGAL ALLEGATIONS

## VIOLATIONS OF THE ADA

25. Rose incorporates by reference paragraphs one (1) through twenty-four (24).

26. Rose was denied any accommodation, reasonable or otherwise, without explanation.

27. Defendant failed to engage in the interactive process.

28. Defendant discriminated against Rose by removing her from her position, denying her shifts, and denying her positions she applied for because of her disability.

29. Rose has been harmed by Defendant's conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Mary Rose, respectfully demands judgment against Defendant in her favor and requests that the Court grant the following relief:

a) An Order awarding Rose the wages she lost and the value of the benefits she lost as a result of her unlawful termination;

b) An Order awarding Rose compensatory and punitive damages for an intentional violation of her rights as provided for by the ADA;

c) An Order awarding the costs of this action;

d) An Order awarding reasonable attorneys' fees;

e) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

f) An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr. (#19353-49)
GIBBONS LEGAL GROUP, P.C.
3091 East 98th Street, Suite 280
Indianapolis, Indiana 46280
Telephone:    (317) 706-1100
Facsimile:    (317) 623-8503
E-Mail:   phil@gibbonslegalgroup.com


s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)

Of Counsel to,
GIBBONS LEGAL GROUP, P.C.
3091 East 98th Street, Suite 280
Indianapolis, Indiana 46280
Telephone:    (317) 706-1100
Facsimile:    (317) 623-8503
E-Mail:   chris@gibbongslegalgroup.com

Attorneys for Plaintiff


## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues deemed triable.

Respectfully submitted,

s/ Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr. (#19353-49)

5

GIBBONS LEGAL GROUP, P.C.
3091 East 98th Street, Suite 280
Indianapolis, Indiana 46280
Telephone: (317) 706-1100
Facsimile: (317) 623-8503
E-Mail:  phil@gibbonslegalgroup.com

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)

Of Counsel to,
GIBBONS LEGAL GROUP, P.C.
3091 East 98th Street, Suite 280
Indianapolis, Indiana 46280
Telephone: (317) 706-1100
Facsimile: (317) 623-8503
E-Mail:  chris@gibbongslegalgroup.com

Attorneys for Plaintiff