UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARY ROSE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO.  1:16-CV-3212-TWP-MJD |
| | ) |
| FRANCISCAN ALLIANCE, INC., | ) |
| | ) |
| Defendant. | ) |

### ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Franciscan Alliance, Inc., states as its Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

### OVERVIEW

1. This is an employment discrimination action (disability) brought by Rose against Defendant alleging that she was discriminated against because of one or more of her disabilities as protected by the Americans with Disability Act of 1990 ("ADA"), 42 U.S.C. §12101 et. seq.

**ANSWER**:  The averments in paragraph 1 are rhetorical in nature and require no response. But to the extent that a response is needed, Defendant denies that Plaintiff is entitled to any relief whatsoever under the ADA.

### PARTIES

2. At all relevant times Rose lived in the Southern District of Indiana.

**ANSWER**:  Defendant lacks information sufficient to form a belief about the truth of the averments regarding Plaintiff's living arrangements. Defendant denies all remaining averments contained in Paragraph 2 of the Complaint.

3. Defendant is a corporation that conducts business and maintains offices in Southern District of Indiana.

**ANSWER**: Defendant admits the averments contained in Paragraph 3 of the Complaint.

4. Rose, at all times relevant, was an 'employee' as defined by 42 U.S.C. §12111(4). Moreover, Rose is disabled as that term is defined by the ADA.

**ANSWER**: Defendant admits that Plaintiff was an "employee" of Defendant as defined by 42 U.S.C. § 12111(4). Defendant denies all other averments contained in Paragraph 4 of the Complaint.

5. Defendant is an 'employer' as defined by 42 U.S.C. §12111(5)(A).

**ANSWER**: Defendant admits the averments contained in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. §12117(a).

**ANSWER**: Defendant admits that the court has subject matter jurisdiction over Plaintiff's federal claims and Plaintiff's Complaint. Defendant denies all other averments contained in Paragraph 6 of the Complaint.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as all events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located herein.

**ANSWER**:  Defendant admits that venue is proper in this Court. Defendant lacks information sufficient to form a belief about the truth of the remaining averments contained in Paragraph 7 of the Complaint.

8.   Rose properly exhausted her administrative remedies when she timely filed a charge of discrimination (and later amended it) with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discriminated based on disability.  A notice of suit rights was issued on August 25 2016, and Rose now brings this Complaint within ninety (90) days of receipt thereof.

**ANSWER**:  Defendant admits that Plaintiff filed a charge of discrimination with the EEOC and filed this lawsuit. Defendant lacks information sufficient to form a belief about the truth of the remaining averments contained in Paragraph 8 of the Complaint.

## FACTUAL ALLEGATIONS

9.   Rose began her employment with Defendant on or about May 8, 2011.  She was employed as a part-time registrar.  Rose was not administered progressive discipline for the performance of her duties.  Rose met or exceeded the legitimate expectations of performance of her position.

**ANSWER**[1]:  Defendant admits that Plaintiff's employment began on or about May 8, 2011 in the position of part-time registrar.  Defendant lacks information sufficient to form a belief about the truth of the remaining averments contained in Paragraph 8 of the Complaint.

---

[1] Plaintiff's complaint incorrectly numbers certain paragraphs in her complaint—for example, there are two paragraphs numbered "8." To avoid confusion, Defendant will follow Plaintiff's numbering protocol.

10. This position was responsible for obtaining demographic and insurance information from patients and requires sitting, standing, and walking.

ANSWER: Defendant admits that the registrar position was responsible for obtaining demographic and insurance information from patients and that the position requires sitting, standing, and walking. Defendant denies all other averments contained in Paragraph 9 of the Complaint.

11. Rose suffers from one or more conditions that qualify her as disabled under the ADA. These conditions are permanent and substantially limit her in at least the major life activities of walking and sight/vision.

ANSWER: Defendant admits that Plaintiff has certain health conditions. Defendant denies the remaining averments contained in Paragraph 10 of the Complaint.

12. In 2014, Rose accepted a position in the Greenwood Imaging Center. The Imaging Center has its own HR Department and issues a W-2 under a separate EIN number than Defendant.

ANSWER: Defendant admits that Plaintiff accepted a positon in the Greenwood Imaging Center in 2014, that the Center has its own management structure and that the Center issues a W-2 under an EIN number separate from Defendant. Defendant denies all remaining averments contained in Paragraph 11 of the Complaint.

13. As a result of Rose taking this position, her supervisor at the hospital required her to go to PRN status. Rose did not agree with this move.

ANSWER: Defendant denies the averments contained in Paragraph 12 of the Complaint.

14. Rose is under constant care from one or more health care providers. In May of 2015, Rose's doctor limited her walking due to symptoms she was experiencing associated with her disability. Rose took in a note that indicated she should limit walking and elevate her leg as much as possible. Again, Defendant made a unilateral move to reassign Rose to Triage.

**ANSWER**: Defendant lacks information sufficient to form a belief about the truth of the averments regarding Plaintiff's "constant care from one or more health care providers." Defendant admits that in May of 2015, Plaintiff's doctor issued certain work restrictions in connection with Plaintiff's health. Defendant admits that Plaintiff brought in a note identifying certain work restrictions. Defendant denies all remaining averments contained in Paragraph 13 of the Complaint.

15. Rose could perform the Triage position even with her work restrictions. Her supervisor told her that she would remain there until he could find a permanent employee to work the position he put Rose in.

**ANSWER**: Defendant denies the averments contained in Paragraph 14 of the Complaint.

16. During the summer of 2015, Defendant hired someone to fill the triage position.

**ANSWER**: Defendant denies the averments contained in Paragraph 15 of the Complaint.

17. When Rose confronted her supervisor, he indicated that he really needed someone who can walk to the [patient] rooms.

**ANSWER**: Defendant denies the averments contained in Paragraph 16 of the Complaint.

18.     Thereafter Rose applied for open PRN shifts.  She was denied for a significant number of shifts.

**ANSWER**:  Defendant lacks information sufficient to form a belief about the truth of the averments contained in Paragraph 17 of the Complaint.

19.     Rose's restrictions were reiterated in August 2015.

**ANSWER**:  Defendant lacks information sufficient to form a belief about the truth of the averments contained in Paragraph 18 of the Complaint.

20.     Another triage position was posted in either August or September 2015.  Rose applied for this position.  This position would have required her to work four days per week, eight hours per day (an .8 FTE position).

**ANSWER**:  Defendant denies the averments contained in Paragraph 19 of the Complaint.

21.     Defendant told Rose that it would hire her for the position if her doctor provided a note indicating she could perform the duties of the triage position.  Rose's doctor prepared a note consistent with the request, and Rose provided it to Defendant.

**ANSWER**:  Defendant lacks information sufficient to form a belief about the truth of the averments contained in Paragraph 20 of the Complaint.

22.     Notwithstanding the note, Defendant denied her the position even after telling her it was hers.  It was given to a non-disabled employee in or about October 15, 2015.

**ANSWER**:  Defendant lacks information sufficient to form a belief about the truth of the averments contained in Paragraph 21 of the Complaint.

6

23. Rose continued to apply to work additional shifts. Defendant would rescind shifts Rose signed up for or otherwise expressed interest in.

**ANSWER**: Defendant denies the averments contained in Paragraph 22 of the Complaint.

24. Defendant failed to engage in the interactive process or to determine if Rose could continue in her position as Registrar with or without a reasonable accommodation.

**ANSWER**: Defendant denies the averments contained in Paragraph 23 of the Complaint.

25. Rose has been harmed by Defendant's conduct.

**ANSWER**: Defendant denies the averments contained in Paragraph 24 of the Complaint.

## LEGAL ALLEGATIONS

### VIOLATIONS OF THE ADA

26. Rose incorporates by reference paragraphs one (1) through twenty-four (24).

**ANSWER**: Defendant incorporates all responses in answer to Paragraphs 1 through 24 of the Complaint.

27. Rose was denied any accommodation, reasonable or otherwise, without explanation.

**ANSWER**: Defendant denies the averments contained in Paragraph 26 of the Complaint.

28. Defendant failed to engage in the interactive process.

**ANSWER**: Defendant denies the averments contained in Paragraph 27 of the Complaint.

29. Defendant discriminated against Rose by removing her from her position, denying her shifts, and denying her positions she applied for because of her disability.

**ANSWER**:  Defendant denies the averments contained in Paragraph 28 of the Complaint.

30. Rose has been harmed by Defendant's conduct.

**ANSWER**:  Defendant denies the averments contained in Paragraph 29 of the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Mary Rose, respectfully demands judgment against Defendant in her favor and requests that the Court grant the following relief:

a) An Order awarding Rose the wages she lost and the value of the benefits she lost as a result of her unlawful termination;

b) An Order awarding Rose compensatory and punitive damages for an intentional violation of her rights as provided for by the ADA;

c) An Order awarding the costs of this action;

d) An Order awarding reasonable attorneys' fees;

e) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

f) An Order granting such other and further relief as may be necessary and appropriate.

**ANSWER**: Based on the allegations contained in the Complaint, Plaintiff is not entitled to any relief and the claims should be dismissed with prejudice, costs awarded to Defendant.

Any remaining averment not previously responded to above is expressly denied by Defendant.

## AFFIRMATIVE DEFENSES

Defendant does not waive any defenses not pled in this Answer and expressly reserves the right to later raise additional defenses whether or not related to information arising from discovery or otherwise.

Moreover, Defendant, by stating its defenses, does not hereby assume any burden of proof that would otherwise rest with Plaintiff.

1. Some or all of Plaintiff's claims fail to state a claim upon which relief can be granted.

2. Defendant's employment decisions regarding or affecting Plaintiff were based upon lawful, legitimate, non-discriminatory and non-retaliatory business reasons.

3. To the extent that Plaintiff seeks to assert claims not otherwise brought before the EEOC, Plaintiff has failed to timely exhaust her administrative remedies.

4. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

5. Defendant asserts the same decision-maker defense.

6. Plaintiff has unreasonably failed to mitigate or minimize her alleged damages, if any.

7. Plaintiff's request for equitable relief is barred, in whole or in part, by the doctrine of unclean hands.

8. Plaintiff's claims are barred by equitable estoppel, waiver, and laches.

9. Plaintiff did not suffer any injury and/or any injury alleged is too speculative.

10. Plaintiff is not entitled to recover any attorney's fees, costs or interest on the claims asserted or has failed to allege facts sufficient to allow recovery of such fees, costs or interest.

11. All of Defendant's actions and inactions with respect to Plaintiff were for just and good cause, taken in good faith, without malice or reckless indifference, and with reasonable grounds to believe that it was not in violation of any state or federal law.

12. Plaintiff's damages, if any, should be reduced by setoff.

13. It would have been an undue hardship to accommodate Plaintiff's requested accommodation.

14. Plaintiff failed to exhaust Defendant's internal process for remedying the issues she now asserts.

15. Plaintiff's claims are barred to the extent they exceed the scope of Plaintiff's EEOC charge.

16. Defendant reserves the right to assert additional affirmative defenses as it deems appropriate based on additional information learned during discovery.

Respectfully submitted,

s/ *Dana E. Stutzman*
Dana E. Stutzman #23468-49
Nick S. Johnston #32376-49
HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.
500 N. Meridian Street, Suite 400
Indianapolis, IN 46204-1293
(317) 977-1425
(317) 633-4878 (FAX)
E-mail: dstutzman@hallrender.com
      njohnston@hallrender.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2017 a copy of the foregoing *Answer and Affirmative Defenses* was filed electronically. Notice of this filing will be sent to the following party(ies) by operation of the Court's electronic filing system. The party(ies) may access this filing through the Court's system:

> Philip J. Gibbons, Jr. phil@gibbonslegalgroup.com
> Christopher S. Wolcott chris@gibbongslegalgroup.com
> GIBBONS LEGAL GROUP, P.C.


 *s/Dana E. Stutzman*
 Dana E. Stutzman

HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.
500 N. Meridian Street, Suite 400
Indianapolis, IN 46204-1293
(317) 633-4884
(317) 633-4878 (FAX)

2323553v.2