UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARY ROSE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:16-cv-03212-TWP-MJD |
| FRANCISCAN ALLIANCE INC., | ) |
| Defendant. | ) |

**ENTRY ON DEFENDANT'S BILL OF COSTS**

This matter is before the Court on Defendant Franciscan Alliance Inc.'s ("Franciscan") Bill of Costs ([Filing No. 59](#)). Plaintiff Mary Rose ("Rose") brought this action against Franciscan, alleging employment discrimination based on disability under the Americans with Disabilities Act of 1990. Franciscan moved for summary judgment, which the Court granted on June 4, 2018 ([Filing No. 57](#)). That same day, final judgment was entered in favor of Franciscan and against Rose ([Filing No. 58](#)). As the prevailing party, Franciscan requested an award of its costs incurred in defending this action in the amount of $10,876.47 pursuant to Federal Rule of Civil Procedure 54(d)(1). Rose objects to a portion of the costs sought. For the reasons explained below, an adjusted amount of $5,392.71 in costs is awarded.

### I. LEGAL STANDARD

Rule 54(d) creates "a strong presumption that the prevailing party will recover costs, with the ultimate decision resting within the district court's discretion." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). "The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined-- the court must award costs unless it states good reasons for denying them." *Id.* Absent a showing

of clear abuse of discretion, a district court's award of costs will not be overturned "[a]s long as there is statutory authority for allowing a particular item to be taxed as a cost." *Id.*

"Statutory authority exists for the award of costs in this case." *Cengr v. Fusibond Piping Sys.*, 135 F.3d 445, 454 (7th Cir. 1998). Under 28 U.S.C. § 1920, a federal court may tax as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

## II. **DISCUSSION**

The costs in the amount of $10,876.47 requested by Franciscan consist of: $28.30 for copying charges and fees relating to discovery and defense; $894.75 for expenses associated with the deposition of Rose; $5,613.02 for electronic discovery service and storage costs related to the electronic discovery sought by Rose; $428.00 for expenses associated with depositions of Franciscan's representatives; $1,000.00 for the fee associated with the deposition of Dr. Kenneth Young; $61.52 for the fee associated with the deposition of Regina Wessic; $901.31 for the services of Stewart Richardson for expenses associated with the depositions of Dr. Kenneth Young, Robin Maluck, and Regina Wessic; $96.25 for charges and fees relating to the request and production of Rose's health records; $1,832.62 for Westlaw charges and fees relating to legal research; and $20.70 for PACER publication fees. Franciscan submitted a sworn affidavit from its attorney, attesting to the fact that these costs were reasonably and actually incurred in defending this action ([Filing No. 59-1](Filing No. 59-1)).

2

Rose objects to a portion of Franciscan's costs on the basis that Franciscan "seeks recovery for costs associated with items outside the scope of [28 U.S.C. § 1920's] categories." ([Filing No. 60 at 2](#).)  Specifically, Rose objects to an award of costs for legal research expenses, PACER publication fees, and electronic discovery costs.  She objects to the legal research expenses because they do not "fit squarely" within any of the categories set forth in 28 U.S.C. § 1920.  She objects to the PACER fees as duplicative and unreasonable.  With respect to the costs associated with electronic discovery, Rose argues "the costs of e-discovery may only be taxed if they fit within the confines of 28 U.S.C. § 1920(4), which allows for the recovery of fees for the exemplification and the costs of making copies." *CSP Techs., Inc. v. Sud-Chemie AG*, 2015 U.S. Dist. LEXIS 65722, at *5 (S.D. Ind. May 20, 2015) (internal quotation marks omitted).  Relying on *CSP Technologies*, Rose asserts that only those electronic discovery expenses that are sufficiently related to making copies are taxable as costs pursuant to 28 U.S.C. § 1920(4), and it is unclear what, if any, portions of the electronic discovery expenses are related to making copies that were reasonable and necessary for the litigation. Rose contends that, with the removal of the legal research expenses, PACER publication fees, and electronic discovery costs from the Bill of Costs, Franciscan should be awarded $3,410.13 for costs incurred in this litigation ([Filing No. 60 at 4](#)).

In its Reply Brief, Franciscan explains; "in the interest of judicial economy, Defendant now waives its claims for $1,832.62 in Westlaw costs and $20.70 in PACER costs, which means Defendant agrees to waive $1,853.32 in costs." ([Filing No. 63 at 1](#).) However, Franciscan maintains that it is entitled to recover its cost of $5,613.02 incurred for electronic discovery. Thus, Franciscan seeks a modified amount of costs totaling $9,023.15. The Court will award Franciscan the cost for each of the requested items upon which the parties agreed, finding them to be reasonable and necessary in this litigation.

3

The single item disputed by the parties is $5,613.02 incurred for electronic discovery sought by Rose. As noted above, Rose objects to the costs associated with "electronic discovery service and storage costs" because "the costs of e-discovery may only be taxed if they fit within the confines of 28 U.S.C. § 1920(4), which allows for the recovery of fees for the exemplification and the costs of making copies," *CSP Techs.*, 2015 U.S. Dist. LEXIS 65722, at *5, and it is unclear how the electronic discovery expenses are related to making copies that were reasonable and necessary for the litigation.

Franciscan relies on three decisions from district courts in this Circuit, including the *CSP Technologies*, to argue that it is entitled to its e-discovery costs under 28 U.S.C. § 1920(4). While the court in *CSP Technologies* denied costs for document collection, searching, and data hosting/electronic storage services because these items were not sufficiently related to "making copies," the court did allow e-discovery costs for scanning, OCR, and Bates labeling. Costs for third-party discovery vendor services for TIFF conversion of documents to make the documents usable were also allowed. *CSP Techs.*, 2015 U.S. Dist. LEXIS 65722, at *9–11.

In *Loparex*, the court awarded "the costs of electronically harvesting, processing, and producing electronic data." *Loparex, LLC v. MPI Release, LLC*, 2012 U.S. Dist. LEXIS 104871, at *22 (S.D. Ind. July 27, 2012). In that case, the court relied on the Seventh Circuit's holding that "costs are recoverable under 28 U.S.C. § 1920" "for converting computer data into a readable format in response to plaintiffs' discovery requests." *Hecker v. Deere & Co.*, 556 F.3d 575, 591 (7th Cir. 2009). In *Wisconsin Resources*, the court awarded costs for a third-party forensic expert hired to extract electronically-stored information from twenty years of information per the plaintiffs' discovery request. *Wis. Res. Prot. Council v. Flambeau Mining Co.*, 2014 U.S. Dist. LEXIS 105273, at *4–5 (W.D. Wis. Aug. 1, 2014).

Franciscan asserts that its request for costs related to electronic discovery sought by Rose falls within the category of costs awarded in *CSP Technologies*, *Loparex*, and *Wisconsin Resources*. Franciscan argues that more than 12,000 documents were potentially relevant and responsive to Rose's discovery requests in this case. These documents were nearly 9GBs of electronic data. After negotiating with Rose's counsel, a smaller subset of the documents was identified for production. D4, LLC (Franciscan's third-party e-discovery vendor) then electronically harvested and processed 3,144 pages via the OCR process. Franciscan explains that this process is reflected in the July 31, 2017 invoice from D4, LLC ([Filing No. 59-1 at 6](#)). Franciscan asserts that it was most practical and efficient to utilize the services of D4, LLC to electronically harvest, process, and produce electronic data in response to Rose's discovery requests.

Franciscan's position is well-taken and supported by the Seventh Circuit's decision in *Hecker* as well as the decisions in *CSP Technologies*, *Loparex*, and *Wisconsin Resources*. Franciscan has supported its request with sufficient evidence. The e-discovery production was akin to "making copies" and was reasonable and necessary in this litigation as it was requested by Rose, and Franciscan had to comply with Rose's discovery request. However, following the rationale in *CSP Technologies*, the Court reduces Franciscan's requested amount of $5,613.02 for electronic discovery expenses by $3,630.44, which consists of "hosting, user access, and online data storage fees," which are not akin to "making copies." (*See* [Filing No. 59-1 at 6](#)–12.)

## **CONCLUSION**

Franciscan's Bill of Costs ([Filing No. 59](#)) is **GRANTED in part and DENIED in part**. The Court reduces Franciscan's modified request for costs in the amount of $9,023.15 by $3,630.44, and awards Franciscan **$5,392.71** in reasonable and necessary costs incurred in this

5

litigation. The Clerk is directed to tax costs against Plaintiff Mary Rose in favor of Franciscan in the amount of **$5,392.71**.

      **SO ORDERED.**

Date: 2/19/2019

*[signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Christopher S. Wolcott
WOLCOTT LAW FIRM LLC
indy2buck@hotmail.com

Nicholas Scott Johnston
HALL, RENDER, KILLIAN, HEATH & LYMAN
nick.johnston@faegrebd.com

Dana Eugene Stutzman
HALL, RENDER, KILLIAN, HEATH & LYMAN
dstutzman@hallrender.com